

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CAFFIE AARON, et al.**                                                         **PLAINTIFFS**

VS.                                                          CIVIL ACTION NO. 3:07cv580 HTW-LRA

**MERCK & CO., INC.,**
a New Jersey Corporation                                                    **DEFENDANT**

## COMPLAINT
### *Jury Trial Demanded*

Comes now Plaintiffs, Caffie Aaron, et al., and all Plaintiffs listed in Exhibit 1 to this Complaint, (hereinafter referred to as Plaintiffs) and through counsel, and in support of their action for damages against Merck & Co., Inc., respectfully alleges the following:

1.  Plaintiffs are adult residents of the State of Mississippi, or other states, excluding New Jersey, and was prescribed and purchased the drug Vioxx. Plaintiffs bring this action to recover damages for personal injuries sustained after taking Vioxx.

2.  Defendant Merck & Company, incorporated is a New Jersey corporation with its principle place of business in New Jersey. Merck describes itself as a global research-driven pharmaceutical products company. Said corporation may be served with process by though Defendant Merck & Co., Inc.'s counsel, Hughs Hubbard & Reed, LLP, 101 Hudson Street, Suite 3601, Jersey City, NJ 07302.

### JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over this matter and venue is proper.

### FACTUAL ALLEGATIONS

4. At all times relevant herein, Defendant did design, manufacture, label, package, market, distribute, sell, and promote Rofecoxib, commonly known as Vioxx. Vioxx is a non-steroidal, anti-inflammatory drug (NSAID).

5. Vioxx was advertised and/or promoted by Defendant as safe and effective in the treatment of pain and inflammation caused by osteoarthritis, rheumatoid arthritis, acute pain, and migraines.

6. Osteoarthritis, or degenerative joint disease, is characterized as the breakdown of the joint's cartilage (which cushions the ends of bones). Cartilage breakdown causes bones to rub against each other, leading to pain and loss of movement.

7. Rheumatoid arthritis is a chronic syndrome characterized by inflammation in the lining of the joints, causing pain, stiffness, warmth, redness an swelling, leading to pain and loss of movement.

8. The United States Food and Drug Administration ("FDA") first approved Vioxx in 1999 for the reduction of pain and inflammation caused by osteoarthritis, acute pain and menstrual pin. It was subsequently approved to treat rheumatoid arthritis in adults and children.

9. In June 2000, Merck submitted a safety study to the FDS entitled "Vioxx Gastrointestinal Outcomes Research" (VIGOR) that fund an increased risk of serious cardiovascular events, including heart attacks and stokes in patients taking Vioxx.

10. In February, 2001, the FDA consulted its Arthritis Advisory Committee regarding the clinical interpretation of this new safety information.

11. In April, 2001, the FDA implemented labeling changes which included information about the increase in risk of cardiovascular events, including heart attacks and stroke.

12. Additional studies recently have suggested an increased risk of cardiovascular events, and the FDA was in the process or reviewing these studies to determine if further labeling changes were needed.

13. On September 30, 2004, Merck voluntarily withdrew Vioxx from the market after the data safety monitoring board overseeing a long-term study of the drug (APROVE) recommended that the study be halted because of an increased risk of serious cardiac events, including heart attack and strokes. That study showed the risk was approximately twice that of individuals taking a placebo. Prior to its withdrawal, Vioxx annual sales totaled approximately $2.5 billion. Defendant has an obligation not to violate the law in the manufacture, design, and sale of Vioxx.

14. Despite knowledge of both the general pharmacology related to Vioxx, and the specific cardiovascular risks demonstrated in the APROVE and VIGOR studies, Merck has failed to initiate studies to investigate the cardiovascular risk associated with Vioxx.

15. Defendant violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301, et seq.

16. Defendant failed to meet the standard of care set by the statute and regulations, which were intended for the benefit of individual consumers such as the Plaintiffs, making the Defendant negligent per se.

17. Plaintiffs were prescribed and ingested Vioxx.

18. While taking the drug, and as a direct and proximate result thereof, Palintiffs suffered damages including but not limited to heart events.

19. As a further direct and proximate result, Plaintiffs have incurred significant compensatory damages.

## COUNT 1
### (Product Liability)

20. Plaintiffs re-allege and incorporate by reference each and every averment set forth in paragraphs preceding.

21. At all times relevant herein, Defendant was a manufacturer that designed, developed, created, supplied, marketed, sold, and otherwise distributed the drug Vioxx.

22. At all times relevant herein, Vioxx was defective in design.

23. At all times relevant herein, Vioxx was defective because it failed to contain adequate warning and/or instruction at the time the product left control of the Defendant.

24. At all times relevant herein, the Defendant knew or in the light of reasonably available knowledge should have know about the unreasonable dangers associated with Vioxx.

25. At all times relevant here, Vioxx was defective by reason of its failure to conform to representations made by Defendant.

26. At all times relevant herein, the defective condition rendered the product unreasonably dangerous to Plaintiffs. Plaintiffs were unable to realize the dangerous condition of Vioxx.

27. The defective and unreasonable dangerous condition of the production proximately caused the damages for which recovery is sought.

28. A defective aspect of Vioxx specifically includes, but is not limited to, the lack of adequate warning or instruction regarding the product's propensity to cause cardiovascular events when used in an intended and reasonable foreseeable manner, and as encouraged by Defendant. This defect was the direct and proximate cause of injuries sustained by Plaintiff's Decedent for which Plaintiff seeks to recover damages. In addition, Defendant's conduct was so outrageous as to constitute ill will, bad motive, and reckless indifference to the interest and safety of consumers. Plaintiff, therefore, is entitled to punitive damages.

## COUNT II
### (Breach of Express Warranty)

29. Plaintiff re-alleges and incorporates by reference each and every averment set forth in the paragraphs preceding.

30. Defendant expressly warranted to the public, including the Plaintiffs herein, by and through statements made by Defendant or its authorized agents or sales representatives, orally and in publications, package inserts and other written material to the health care community, that Vioxx was safe, effective, fit and proper for its intended use.

31. In using Vioxx, the Plaintiffs reasonably relied on the skill, judgment, representations, and foregoing express warranties of the Defendant. These warranties and representations proved to be false because the product was not safe and was unfit for the uses for which it was intended.

32. As a direct and proximate result of Defendant's breaches of warranties, Plaintiff's Decedent was injured and suffered damages.

## COUNT III
### (Breach of Implied Warranty)

33. Plaintiffs re-allege and incorporate by reference each and ecery averment set forth in the paragraphs preceding.

34. Defendant has breached the implied warranty of merchantability in that Vioxx was not reasonable fit for the purposes for which it was sold, intened, or reasonable foreseen to be used. Moreover, Vioxx which was manufactured and sold by Defendant was defective on the date of its deblivery to Plaintiffs.

35. Defendant has also breached the implied warranty of fitness for a particular purpose. Vioxx is not reasonably fit for the specific purposes for which Defendant knowingly sold it and for which the Plaintiffs bought Vioxx in reliance on Defendant.

36. Plaintiffs have suffered damages as a result of Defendant's breach of warranty.

## COUNT IV
### (Negligence)

37. Plaintiffs re-allege and incorporate by reference each and every averment set forth in the paragraphs preceding.

38. Defendant has a duty to exercise the necessary degree of care expected and required of manufactures of health care products.

39. Contrary to its duty, the Defendant was quilty of one or more of the following careless and negligent acts and/or omissions:

   a. Failed to adequately and properly test and inspect Vioxx so as to ascertain whether or not it was safe and proper for the purpose for which it was designed, manufactured and sold;

b. Failed to utilize and/or implement a reasonably safe design in the manufacture of Vioxx;

c. Failed to manufacture Vioxx in a reasonable safe condition for which it was intended;

d. Failed to adequately and properly warn the Plaintiffs and others purchasing Vioxx of the risks of complications when used in a manner for which it was intended.

e. Failed to sdequately and properly warn the Plaintiffs and others purchasing Vioxx of the risks of diseases when used in a manner for which it was intended.

f. Failed to adequately and properly label Vioxx so as to warn the Plaintiffs of the risks of complications;

g. Failed to adequately and properly label Vioxx so as to warn the Plaintiffs of the risks of heat attack and strokes;

h. Manufactured Vioxx which constituted a hazard to health;

i. Manuractured Vioxx which caused adverse side effects; and were otherwise careless and negligent.

## COUNT V
### (Negligence *Per Se*)

41. At all times relevant herein, Defendant was a manufacturer that designed, developed, created, supplied, marketed, sold, and otherwise distributed the drug Vioxx.

42. Defendant had an obligation not to violate the law in the manufacture, design, formulation, compounding, testing, production, processing, assembly, inspection, research, distribution, marketing, labeling, packaging, preparation for use, sale and warning of the risks and dangers of Vioxx.

43. Defendant violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §301, et seq., related amendments and codes and federal regulations provided thereunder,

the Sherman Food, Drug and Cosmetic Law, and other applicable laws, statutes and regulations.

44. Plaintiffs as purchasers and consumers of Vioxx are within the class of persons the statues and regulations described above are designated to protect and the Plaintiffs' injuries are the type of harm these statues are designed to prevent.

45. Defendant's acts constitute an adulteration and /or misbranding as defined by the Federal Food, Drug and Cosmetic Act U.S.C. §331 and constitutes a breach of duty subjecting Defendant to civil liability for all damages arising therefrom under theories of negligence per se.

46. Defendant failed to meet the standard of care set by the following statues and regulations, which were intended for the benefit of individuals such as the Plaintiffs making Defendant negligent per se:

(a) The labeling lacked adequate information on the sues of the drug Vioxx [21 C.F.R. Section 201.56(a) and (d)];

(b) The labeling failed to provide adequate warnings of severe and disabling medical conditions including, without limitations, thromboembolic events, primarily heart attacks and stroke, and other adverse medical conditions as soon as there was reasonable evidence of their association with the drub [21 C.F.R. 201.57(e)];

(c) There was inadequate information for patients for the safe an effective use of Defendant's drug [21 C.F.R. 201.57(f)(2)];

(d) There was inadequate information regarding special care to be exercised by the doctor for safe and effective use of the Defendant's drug [21 C.F.R. 201.57(f)(1)];

(e) The labeling was misleading and promotional [21 C.F.R. 201.56(b)];

47. As a result of the violations of the statues described above, Plaintiffs suffered injuries and damages as alleged herein.

## COUNT VI
### (Unjust Enrichment)

48. Plaintiffs re-allege and incorporate by reference each and every averment set forth in the paragraphs preceding.

49. Defendant has knowingly received a benefit at the expense of the Plaintiffs. It would be unjust and unconscionable to permit Defendant to enrich itself at the expense of Plaintiffs and to retain the funds that Defendant wrongfully obtained from Plaintiffs.

## COUTN VII
### (Fraud)

50. At all times relevant herein, Defendant was a manufacturer that designed, developed, created, supplied, marketed, sold, and otherwise distributed the drug Vioxx.

51. Defendant, Merck & Co., Inc., has undertaken a manufacturing, marketing, dispensing, distribution and promotion campaign of the drug Vioxx as described herein. Having made this undertaking, the Defendant owed a duty ot provide accurate and complete information regarding Vioxx to the Plaintiffs.

52. Defendant, by affirmative misrepresentations and omissions, falsely and deceptively sought to create the image and impression that the use of Vioxx was safe for human use; had no, or no unacceptable, side effects; constituted a convenient, safe form or treatment for those suffering from arthritis and inflammation of the joints; would not interfere with daily life; and in fact would enhance the daily life of those persons taking the drug Vioxx.

53. Defendant purposely concealed, failed to disclose, misstated, downplayed and understated the health hazards and risk associated with the use of Vioxx. Furthermore, Defendant through promotional literature and other means, deceived potential users of Vioxx by relaying only allegedly positive information and manipulating data and statistics to suggest widespread success and acceptability, while concealing, misstating and downplaying known adverse serious side effects. Defendant falsely and deceptively kept relevant information from potential users such as the Plaintiff's Decedent concerning the safety and efficacy of the drug Vioxx.

54. As a result of the intentional acts of the Defendant, the Plaintiffs sustained injuries and damages.

55. The actions of the Defendant, as aforesaid, constitute fraud, fraudulent concealment, false advertising, breach of contract, gross negligence and breach of the covenant of good faith and fair dealing, thereby rendering the Defendant liable to the plaintiffs for actual and punitive damages. The misrepresentations, omissions and concealment of material facts by the Defendant was intentional and deliberate, and were part of a willful scheme or course of conduct whereby said Defendant sought to induce the Plaintiffs to purchase and use Vioxx on the basis of and in reliance upon fraudulent misrepresentations, concealment, and omissions. Said acts on the part of the Defendant constituted intentional, willful and fraudulent conduct, as well as grossly negligent conduct rendering the Defendant liable for punitive, as well as actual damages.

## Damages

56. Defendants' breaches as set forth herein were the proximate and/or contributing cause of Plaintiffs' damages and any wrongful death beneficiaries to all

damages available under law, including pain and suffering. Loss of society, companionship and consortium, loss of enjoyment of life, special damages, consequential damages, punitive damages, compensatory damages, funeral expenses, medical expenses, and all damages available under Mississippi Code Annotated section 11-7-13.

Plaintiff also asserts a claim under Mississippi code Annotated section 91-7-233 (survival action) for all cardiovascular injuries and other personal injuries cause to Plaintiffs. As such, Plaintiffs are entitled to all compensatory, special, general and punitive damages allowed at law and equity for such damages occasioned by Plaintiffs.

WHEREFORE, Plaintiffs prays for judgment against the Defendant for compensatory and punitive damages together with cost of Court, post-judgment interest, and all other relief that Plaintiffs may be entitled to.

Respectfully submitted,

PLAINTIFFS Caffie Aaron et al.

By: _____
MITCHELL H. TYNER, SR. (MSB 8169)
Attorney for Plaintiffs

ATTORNEY FOR PLAINTIFFS:

Tyner Law Firm, P.A.
Mitchell H. Tyner, Sr.(MS. Bar # 8169)
5750 I-55 North
Jackson, Mississippi 39211
(601) 957-1113
(601) 957-6554 (fax)